UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE WILLS, | CV F- 98-6052 OWW DLB P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS |
| v. | (DOCS 190, 202) |
| CAL TERHUNE, et al., | |
| Defendants. | |

Plaintiff is a state prison proceeding pro per. This action now proceeds on the second amended complaint, filed October 22, 2001, on the claim that defendants Terhune and Galaza promulgated a policy that caused plaintiff to be exposed to a state of constant illumination within Corcoran's security housing unit.

On July 1, 2005, plaintiff filed a motion for sanctions arguing that defendants' motion for summary judgment filed on May 6, 2005 violates Federal Rule of Civil Procedure 11. On September 27, 2005, plaintiff filed a similar motion for sanctions, arguing that defendants' opposition to plaintiff's motion for a deferred ruling on defendants' motion for summary judgment, violates Rule 11. Plaintiff's motions are not well taken and are DENIED.

Plaintiff relies on Rule 11(b) which provides:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or

unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
**(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;**(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;**(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information

Fed.R.Civ.P. 11(b). Rule 11 is intended to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. *Cooter & Gelf v. Hartmarx Corp.* 496 U.S. 384 (1990); *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986).

The Court has reviewed defendants' filings and finds that they do not violate Rule 11. Both the motion for summary and judgment and the opposition to plaintiff's motion for deferred ruling contain good faith and reasonable arguments based on defendants' position regarding the merits of this case. Neither the motion nor the opposition are abusive, dilatory or baseless. That plaintiff disagrees with defendants' arguments or views of the evidence, does not make the filings sanctionable. Plaintiff's arguments are better suited for his opposition to the motion for summary judgment. Plaintiff's motions are therefore DENIED.

IT IS SO ORDERED.

Dated:   September 29, 2005            /s/ Dennis L. Beck
3b142a                                  UNITED STATES MAGISTRATE JUDGE