UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE WILLS,<br><br>         Plaintiff,<br><br>    v.<br><br>CAL TERHUNE, et al.,<br><br>         Defendants. | CV F- 98-6052 OWW DLB P<br><br>ORDER REQUIRING CLARIFICATION |

     Plaintiff Dale G. Wills ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint filed October 22, 2001, against defendants Terhune and Galaza for participating in a policy that caused plaintiff to be exposed to a state of constant illumination within Corcoran State Prison's Security Housing Unit. On May 6, 2005, defendants filed a motion for summary judgment and on May 17, 2005, plaintiff filed a motion for summary judgment. On May 23, 2005, plaintiff filed a motion to strike the declarations in support of defendants' motion for summary judgment. Defendants filed an opposition to plaintiff's motion for summary judgment on June 23, 2005. On July 14, 2005, plaintiff filed a motion for deferred ruling on defendants' motion for summary judgment to which defendants filed an opposition on July 21, 2005. On September 27, 2005, the Court granted plaintiff's request for an extension of time to file a reply to defendants' opposition to his motion for a deferred ruling on the motion for summary judgment. Plaintiff was granted until

1  October 31, 2005 to file his reply.  Plaintiff has not file a reply nor has he filed an opposition to
2  defendants' motion for summary judgment.  The motions for summary judgment are now deemed
3  submitted.
4       Based on the parties' respective motions for summary judgment and oppositions, it is
5  undisputed that plaintiff was transferred to the Security Housing Unit (SHU) at Corcoran State
6  Prison on March 27, 1998 and remained there until December 1998 when he was transferred to the
7  Pelican Bay SHU.  It is also undisputed that the cells at Corcoran SHU, including the cell in which
8  plaintiff was housed, have overhead fluorescent lights that consist of three-elongated, 40 watt bulbs
9  that are approximately four feet in length and remain on from morning until evening .  There are also
10 six-inch, elongated 13-watt security bulbs ("security lights") in the cells that remain on 24 hours a
11 day.  It is the security lights that are at issue in this case.
12      While the parties do not appear to dispute the characterization of the security lights as "six-
13 inch, elongated 13-watt security bulbs," this description is not sufficient for the Court to determine
14 whether, as a matter of law, the conditions are such that  plaintiff's constitutional rights have been
15 violated.  Accordingly, the Court requires clarification from the parties regarding the security light
16 and its characteristics, including but not limited to whether the light is frosted or clear; fluorescent,
17 halogen or incandescent; the lumens per watt; the color; and whether the light is "bare bulb" or has a
18 cover.  The parties SHALL SUBMIT their clarifications within 15 days of this Order.
19      IT IS SO ORDERED.
20  **Dated:   December 1, 2005**              **/s/ Dennis L. Beck**
    3b142a                                    UNITED STATES MAGISTRATE JUDGE